UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Vernon Cannon,                                    Case No. 17-cv-0003

    Plaintiff

v.                                                MEMORANDUM OPINION

Crown Cork & Seal Company, Inc.,

    Defendant

## I. INTRODUCTION

Before me are (1) Defendant's motion to dismiss (Doc. No. 13), with opposition by Plaintiff (Doc. No. 14) and reply by Defendant (Doc. No. 19); (2) Plaintiff's motion for summary judgment (Doc. No. 17); (3) Defendant's cross motion for summary judgment and opposition to Plaintiff's motion for summary judgment (Doc. No. 20); (4) Plaintiff's opposition to Defendant's motion and reply in support of his own motion (Doc. No. 21); and (5) Defendant's final reply. (Doc. No. 22).

## II. BACKGROUND

Plaintiff Vernon Cannon was an employee of Defendant Crown Cork & Seal Company, Inc. (Doc. No. 1 at 1). Cannon's final day of "active employment" with Crown was March 23, 2012. Three years later, on May 7, 2015, Cannon applied for disability retirement benefits with Crown. *Id.* at 5-6. On January 21, 2016, Crown denied the application stating,

> To be eligible for Disability Retirement, an employee must submit an application prior to their severance from service date. Under the provisions of the Crown Cork & Seal Co., Inc. Pension Plan, employees represented by the USWA Local 87-3 at the Toledo Plant accrue service until the one year anniversary of the date they ceased being actively employed for any reason. Based on the information in your Employment History, your last day of active employment was March 23, 2012. You did not return to active employment which resulted in your service terminating on

> March 23, 2013, the one year anniversary of your last day worked. Since you did not make application within that period of time, you became ineligible to apply for Disability Retirement.

(Doc. No. 1-4). Cannon alleges that Crown's interpretation of the term "Severance from Service Date" articulated in the letter does not comply with the definition of the term contained in the Crown Cork & Seal Co., Inc. Pension Plan ("Plan"). (Doc. No. 1 at 6). The Plan defines "Severance from Service Date" as,

> The date which is the earlier of:
> (1) the date you quit, retire, are discharged, or die; or
> (2) the later of (i) the first anniversary of your absence for any other reason, or
> (ii) the date all wage continuation benefits or short term disability benefits end under the Crown Cork & Seal Company, Inc. Group Welfare Plan.

(Doc. No. 1-3 at 8; Doc. No. 15-1 at 9).

The January 2016 denial letter notified Cannon of his right to appeal, but he did not do so because he believed appeal to be futile.[1] (Doc. No. 1 at 7; Doc. No. 1-4). Instead, Cannon filed suit against Crown on January 2, 2017. (Doc. No. 1). The two counts of the complaint are based upon Crown's denial of disability retirement benefits based upon the interpretation of the term "Severance from Service Date." *Id.* Cannon claims the denial was a violation of both the Employee Retirement Income Security Act ("ERISA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Id.*

### III. STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014)

---

[1] Cannon introduces contradictory statements in his complaint. While he first asserts he "successfully appealed the denial" "[t]hrough his Union," he later argues that appeal of the denial would be futile. (Doc. No. 1 at 6-7). Because his argument in opposition of dismissal is based solely on the futility of exhaustion, with no reference to an alleged "successful appeal," I will regard the paragraphs on futility to accurately describe the facts of this case. (Doc. No. 14 at 9-10).

(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Factual allegations must be sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.  Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

IV. DISCUSSION

Crown initially moved to dismiss Cannon's complaint on grounds of failure to state a claim. (Doc. No. 13).  Cannon opposed the motion to dismiss and filed a motion for summary judgment. (Doc. No. 17).  In response to Cannon's motion for summary judgment, Crown filed a cross motion for summary judgment.  (Doc. No. 20).  Before turning to the motions for summary judgment, I will determine whether the complaint has sufficiently stated a claim so as to survive the motion to dismiss.

A. ERISA

Prior to filing an ERISA claim to enforce the terms of an ERISA plan, plaintiffs are required to exhaust administrative remedies.  *See Miller v. Metropolitan Life Ins.*, 925 F.2d 979, 986 (6th Cir. 1991) ("The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court."); *see also Hitchcock v. Cumberland University 403(b) DC Plan*, 851 F.3d 552, 564-65 (6th Cir. 2017) (distinguishing claims challenging "the contractual terms of the pension plan" from those claiming a violation of "the provisions of ERISA and its regulations").  But exhaustion may be excused if "the administrative route is futile or the remedy inadequate."  *Constantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994) (citation omitted).

To excuse exhaustion on grounds of futility, "[a] plaintiff must show that 'it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.'"  *Fallick v. Nationwide Mutual Insurance Co.*, 162 F.3d 410, 419 (6th Cir. 1998) (citing *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996)).  The futility exception applies only "when the plaintiff's 'suit [i]s directed to the *legality* of [a plan], not to a mere *interpretation* of it.'"

3

*Durand v. Hanover Ins. Group, Inc.*, 560 F.3d 436, 439-40 (6th Cir. 2009) (quoting *Constantino*, 13 F.3d at 975) (emphasis in original).

Here, Cannon's ERISA claim does not claim a statutory violation, but rather challenges the denial of benefits based upon the terms of the contract. To excuse his failure to exhaust his administrative remedies, Cannon claims that appeal would have been futile. Specifically, Cannon cites to paragraphs 24 and 25 of his complaint, which state,

> 24. Because Defendant, through Ms. Savitske, stated Defendant's interpretation of the definition of "Severance from Service Date" is the one (1) year anniversary of the date the vested applicant ceases being actively employed for any reason, despite the fact the definition of "Severance from Service Date" does not contain this language, Plaintiff Cannon appealing the denial of his Disability Retirement would be futile.
>
> 25. As a result of the futility of appealing the denial of his Disability Retirement and the definition of "Severance form Service Date," Plaintiff Cannon is not obligated to exhaust the ERISA administrative appeal process and may immediately proceed to file a lawsuit against the Defendant. See **Fallick v. Nationwide Mutual Insurance Company,** 162 F.3d 410, 418-421 (6th Cir. 1998), **Constantino v. TRW, Inc.,** 13 F. 3d. 969 (6th Cir. 1994).

(Doc. No. 1 at 7; Doc. No. 9-10). Based upon a plain reading of Paragraph 24, Cannon is alleging futility based upon the *interpretation* of the plan. Contrary to Cannon's allegations in Paragraph 25, neither *Fallick* nor *Constantino* permit application of the futility exception to cases challenging the plan administrator's *interpretation* of the plan. Because Cannon challenges the interpretation of the plan rather than the legality, exhaustion is not excused by reason of futility and Cannon's ERISA claim must be dismissed as a matter of law.

B.  RICO

Under RICO, it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1692(c). To state a RICO claim, Cannon must allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).

4

Racketeering activity "involve[s] conduct that is 'chargeable' or 'indictable,' and 'offense[s]' that are 'punishable,' under various criminal statutes." *Sedima*, 473 U.S. at 488 (quoting 18 U.S.C. § 1961 (1)). In this case, Cannon alleges Crown is indictable for conduct relating to mail fraud, criminalized by 18 U.S.C. § 1341. *See* 18 U.S.C. § 1961 (1)(B) ("'racketeering activity' means…any act which is indictable under any of the following provisions of title 18, United States Code:… section 1341 (relating to mail fraud)").

Because Cannon claims fraud, the heightened pleading standard of Rule 9(b) applies, requiring that he "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see, e.g. Blount Financial Services, Inc. v. Walter E. Heller and Co.*, 819 F.2d 151, 152-53 (6th Cir. 1987) (requiring Rule 9(b) particularity pleading in a RICO mail fraud cause of action). "To meet this requirement, the plaintiff must allege (1) 'the time, place, and content of the alleged misrepresentation,' (2) 'the fraudulent scheme,' (3) the defendant's fraudulent intent, and (4) the resulting injury." *Wall v. Michigan Rental*, 852 F.3d 492, 496 (6th Cir.2017) (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007)).

Here, Cannon claims that Crown made material misrepresentations in a letter mailed to him on January 21, 2016. (Doc. No. 1-4). Specifically, Cannon states that Crown knowingly falsely defined "Severance from Service Date" in a scheme to deny disability retirement benefits. The letter at issue states,

> To be eligible for Disability Retirement, an employee must submit an application prior to their severance from service date. Under the provisions of the Crown Cork & Seal Co., Inc. Pension Plan, employees represented by the USWA Local 87-3 at the Toledo Plant accrue service until the *one year anniversary of the date they ceased being actively employed for any reason.*

(Doc. No. 1-4) (emphasis added). Cannon states that, contrary to Crown's interpretation, the definition of "Severance from Service Date" provided in the Plan contains "nothing" about the "'one year anniversary' of the employee's absence for any reason." (Doc. No. 1 at 6). But, the Plan defines "Severance from Service Date" as:

5

> The date which is the earlier of:
> (1) the date you quit, retire, are discharged, or die; or
> (2) the later of (i) the *first anniversary of your absence for any other reason*, or (ii) the date all wage continuation benefits or short term disability benefits end under the Crown Cork & Seal Company, Inc. Group Welfare Plan.

(Doc. No. 1-3 at 8; Doc. No. 15-1 at 9) (emphasis added).

Contrary to Cannon's allegation, simply rephrasing the definition does not constitute a misrepresentation, let alone one intentionally made in a scheme to defraud. Characterizing a "first" anniversary as a "one year" anniversary is not a misrepresentation. Nor is "ceased being actively employed" a misrepresentation of "absence." Because Cannon has failed to establish that the letter contained a misrepresentation, his allegation of mail fraud as a racketeering activity must fail.

Even if Cannon had established that Crown plausibly committed an act of racketeering activity in mailing him the letter, one letter would qualify as only one act of racketeering activity, not a pattern. To constitute a "pattern of racketeering activity," there must be *at least* two acts of racketeering activity. 18 U.S.C. § 1961(5); *see also H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237-39 (1989). Although Cannon claims that up to 1,000 others received similar letters, he fails to state who these other proposed plaintiffs are, when they received any alleged letters, or the content of such letters. To infer from one letter that multiple acts of mail fraud occurred would violate Rule 9(b)'s particularity requirement. *See, e.g., United States v. Walgreen Company*, 846 F.3d 879, 881 (6th Cir. 2017) ("But inferences and implications are not what Civil Rule 9(b) requires. It demands specifics—at least if the claimant wishes to raise allegations of fraud against someone."). Therefore, I find that Cannon has failed to establish that Crown plausibly violated RICO by engaging in a pattern of racketeering activity and dismiss the claim, accordingly.

V. CONCLUSION

For the foregoing reasons, Crown Cork & Seal Co., Inc.'s motion to dismiss is granted. (Doc. No. 13). Accordingly, both outstanding motions for summary judgment are dismissed as moot. (Doc. Nos. 17, 20).

So Ordered.

                                        s/ Jeffrey J. Helmick
                                        United States District Judge